IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SEDRIC WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:20-cv-02407-JPM-cgc |
| | ) | |
| SHELBY COUNTY, SHELBY COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT
SHELBY COUNTY, TENNESSEE'S MOTION TO DISMISS**

COME NOW the Defendants, Shelby County, Tennessee and the Shelby County Sheriff's Office (collectively, "the County") and submit this Supplemental Memorandum in support of their Motion to Dismiss the Complaint. Counsel for the parties appeared telephonically before the Court on July 7, 2020, for a scheduling conference. At that time, the Court stated that the County would be allowed to supplement its original Memorandum (ECF No. 17-1) in support of the pending Motion to Dismiss (ECF No. 17) with additional case law and argument relative to the issue of Plaintiff Sedric Ward's ("Plaintiff") standing to seek declaratory relief in this case. As shown below, Plaintiff lacks standing to seek any relief, declaratory or otherwise, based upon the County's current military leave policies.

"Standing is 'the threshold question in every federal case, and if the plaintiff lacks standing, the federal court lacks jurisdiction.'" *Hullinger v. Park Grove Inn, Inc.*, 2018 WL 3040571 at *1 (E.D.Tenn. June 19, 2019) (*quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" his

standing to sue **at the pleading stage.** *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016); (*see, also Sharp v. Technicolor Videocassette of Michigan, Inc.*, 2019 WL 167423 at * 2 (W.D.Tenn. January 10, 2019) ("[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers") (internal quotation marks and citations omitted)).

"Specifically, to establish standing a plaintiff must allege (1) a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable decision will redress the injury." *Sharp,* 2019 WL 167423 at * 2 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61). "If a plaintiff cannot establish the requirements for standing, the court must dismiss the claim." *Id*.

It is critical for a court to ascertain the type of harm to be rectified before a court analyzes whether a plaintiff has standing to seek redress. *Kanuszewski v. Michigan Department of Health and Human Services*, 927 F.3d 396, 406. This is because the analysis for determining standing to seek damages for **past** harm is different from the analysis for standing to prevent **future** harm. *Id*. ("[t]he distinction between past and ongoing or future harms is significant because the type of harm affects the type of relief available"). The Sixth Circuit in *Kanuszewski* explained this distinction:

> Past harm allows a plaintiff to seek damages, **but it does not entitle a plaintiff to seek injunctive or declaratory relief**. This is because the fact that a harm occurred in the past does nothing to establish a real and immediate threat that it will occur in the future, as is required for injunctive relief.

2

> Obtaining standing for declaratory relief has the same requirements as obtaining standing for injunctive relief . . . within each claim we must determine whether the alleged harm affords Plaintiffs standing to seek injunctive and declaratory relief, or only damages.

*Id*. (internal citations and quotation marks omitted) (emphasis added).

Thus, a plaintiff who can only show ***completed*** harm in the past will only be able to seek damages. *Id*. A plaintiff must show a significant possibility of ***future*** harm in order to seek injunctive or declaratory relief. *Id*. "A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Malmquist v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 2012 WL 2946438 at * 3 (M.D.Tenn. July 18, 2012) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

Courts routinely recognize that "a highly attenuated chain of possibilities does not satisfy the requirement" that plaintiffs show a significant possibility that the alleged harm will occur in order to have standing to seek injunctive or declaratory relief. *Kanuszewski,* at 405-406 (quoting *Clapper v. Amnesty Intern., USA*, 568 U.S. 398, 410 (2013)). "[A]n alleged future harm cannot be too speculative . . . but rather must be certainly impending" in order to confer standing to sue for injunctive or declaratory relief. *Id*. at 410. A plaintiff must do more than simply state that the potential harm could occur "someday" because such unsupported allegations "without any description of concrete plans, or indeed even any specification of when the 'someday' will be—do not support a finding of the 'actual or imminent' injury that [the standing analysis] require[s]." *Id*. at 408 (quoting *Lujan* 504 U.S. at 564).

Here, the absolute most Plaintiff can allege to support his standing to seek injunctive and declaratory relief is that he might be harmed, ***someday.*** It is uncontroverted that Plaintiff has not worked for the County, or been subject to its military leave policies, since at least 2015. (ECF No. 1, ¶4.48, PageID 9). All alleged harm in this case is completed harm, in the past. There can be no allegation of ongoing harm because Plaintiff does not have ongoing employment with the County.

At most, Plaintiff can allege a series of events whereby he ***might*** win his lawsuit, ***might*** return to work with the County at some unknown point in the future, and ***might***, one day, request military leave from the County that ***might*** be impermissibly denied. But this is the "highly attenuated chain of possibilities" that courts recognize "does not satisfy the requirement that [the] threatened injury must be certainly impending." *Id*. at 406. Indeed, both the Supreme Court and the Sixth Circuit agree that "mere speculation and ... assumptions about how [a] government will operate a program is not a sufficiently particularized harm to meet the injury-in-fact requirement." *Id*. at 410 (quoting *Clapper*, 568 U.S. at 412). Plaintiff, therefore, has failed to show that he has standing to seek declaratory or injunctive relief based upon the County's current military leave policy.

Plaintiff's lack of standing does not change simply because the Uniformed Services Employment and Reemployment Act ("USERRA") explicitly authorizes injunctive relief. Indeed, courts recognize that only individuals who are ***currently employed*** by a defendant have standing to seek injunctive or declaratory relief against that party. *See Munoz v. InGenesis STGI Partners, LLC*, 182 F.Supp.3d 1097,

1103 (S.D.Calif. April 22, 2016) ("Plaintiff cannot show a substantial likelihood that there is relief available to [her] that will redress [her] injury, because it is undisputed that she . . . no longer works for Defendant"); *Richards v. Canyon County*, 2014 WL 1270665 at *5 (D.Idaho March 26, 2014) ("if [Plaintiff] was still working for the County . . . then . . . [Plaintiff] might have standing to further pursue this case because the equitable injunctive powers of the court would be available to remedy the wrong"). Plaintiff is not currently employed by the County and has no standing to challenge the County's future application of its policies.

The *Munoz* decision is particularly helpful in analyzing how lack of current employment effects a party's standing to seek injunctive or declaratory relief under USERRA. The *Munoz* employee alleged that her former employer terminated her because she used leave without pay ("LWOP") when going on military duty rather than using her paid time off ("PTO"). *Id.* The employee's position was that "she [had] standing to bring her PTO claim because injuries to statutory rights create standing, and USERRA prohibits employers from requiring employees to use PTO during military service." The *Munoz* court, however, found that it was undisputed that the employee ultimately received the benefit of all of her PTO. *Id.* at 1102. Thus, the only relief available to the *Munoz* employee was injunctive relief preventing her former employer from enforcing its leave policy in the future.

The *Munoz* court found that the fact that the employee was no longer subject to her former employer's policies destroyed any standing she might have to seek injunctive or declaratory relief under USERRA. *Id.* at 1103. The *Munoz* court

determined that, when an employee no longer works for an employer, they face no potential harm from their former employer's policies. *Id*. Thus, parties like the *Munoz* employee "cannot show a substantial likelihood that there is relief available to her that will redress her injury." *Id*. This negates their standing to seek injunctive or declaratory relief under USERRA. *Id*.

Plaintiff is no different than the employee in *Munoz*. Any lost wages or denied benefits constitute completed harm for which Plaintiff can seek damages.[1] Plaintiff, however, is not currently subject to any of the County's policies. Any assertion that he might one day be subject to those polices is wildly speculative. Ultimately, Plaintiff can make no better case for standing to seek injunctive or declaratory relief under USERRA than the employee in *Munoz*. The Court, therefore, should follow the *Munoz* court's example and dismiss Plaintiff's claims for declaratory and injunctive relief relative to the County's leave policies.

Respectfully submitted,

*/s/ Jasen M. Durrence*
JASEN M. DURRENCE (#33275)
R. JOSEPH LEIBOVICH (#17455)
*Attorneys for Shelby County*
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
jasen.durrence@shelbycountytn.gov
joe.leibovich@shelbycountytn.gov

---

[1] The fact that the County acknowledges that Plaintiff technically has standing to seek damages for past harm under USERRA should in no way indicate that the County is waiving its arguments as to the legal sufficiency of Plaintiff's claims. While Plaintiff may have standing to seek damages for past harm under USERRA, the County reaffirms all of its arguments that such claims should fail as a matter of law.

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 15 day of July, 2020, for service on all persons registered in connection with this case, including:

Robert W. Mitchell                          Thomas G. Jarrard
Robert Mitchell, Attorney at Law, PLLC      Law Office of Thomas G. Jarrard, PLLC
1020 North Washington Street                1020 North Washington Street
Spokane, WA 99201                           Spokane, WA 99201


*/s/ Jasen M. Durrence*_____