**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SEDRIC WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-02407-JPM-cgc |
| | ) | |
| v. | ) | |
| | ) | |
| SHELBY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON PREJUDGMENT INTEREST AND NEGATIVE TAX OFFSET

Before the Court are Defendant Shelby County's ("Shelby County") and Plaintiff Sedric Ward's ("Ward") respective Calculations of Prejudgment Interest and Tax Offset (ECF Nos. 188, 189), both filed on October 27, 2022. For the reasons set forth below, it is **ORDERED** that the final judgment shall adopt Plaintiff's calculation for the appropriate prejudgment interest ($238,850.00) and Defendant's calculation for the appropriate tax offset ($109,914.00).

## I.    BACKGROUND

Plaintiff Sedric Ward ("Plaintiff") brought this action against his former employer, Defendant Shelby County ("Defendant"), alleging violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311 *et seq*. (Complaint, ECF No. 1.)

The trial for this matter took place on April 11–14, 2022. (ECF Nos. 148, 152, 153, 156.) On April 13, 2022, Defendant moved for judgment as a matter of law under Rule 50, and the Motion was taken under advisement by the Court. (ECF No. 153.) On April 14, 2022, the jury

returned a verdict in favor of Mr. Ward, finding that Plaintiff's USERRA rights were violated and that the violation by Shelby County was willful.  (ECF No. 157.)  The jury further found that Plaintiff was entitled to $567,183.00 in lost wages and benefits, less $6,183 in unmitigated damages, for a total of $561,000, as well as an advisory verdict as to future damages in the amount of $150,000, or $50,000 per year for three years. (Id.)  The Court ruled on post-trial motions filed by both parties, upholding the lost wages award and liquidated damages award but reducing the front pay award to $49,635.59 total.  (ECF No. 187.)  The Court also ordered the Parties to consult and seek agreement regarding updated calculations for prejudgment interest and negative tax offsets, and to submit revised calculations based on this new damages amount.  (Id.)  The Parties consulted but were unable to reach agreement, and both Plaintiff and Defendant submitted their own proposed calculations on October 27, 2022.  (ECF Nos. 188, 189.)

## II.   ANALYSIS

### A) Prejudgment Interest

The Parties disagree on the proper amount of prejudgment interest.  Plaintiff argues that he should receive a total of $238,850, based on prejudgment interest assessed against a total amount of $1,122,000.  (ECF No. 188 at PageID 3070.) This amount is the sum of back pay lost wages and benefits ($561,000) plus the liquidated damages amount associated with this same amount ($561,000).  (Id. at PageID 3070.)  Plaintiff has included the declaration of his expert, Stan Smith, showing his calculations for this amount using the federal prime rate.  (ECF No. 188-2 ¶¶ 9, 10, and PageID 3083.)

Defendant does not appear to take issue with the methodology used by Plaintiff's expert in calculating the prejudgment interest. Instead, Defendant argues that prejudgment interest should not be calculated against the back pay lost benefits or the liquidated damages, and instead should

be limited to being assessed against the back pay wages only.  (ECF No. 189 at PageID 3094.)

Defendant argues that pension benefits should not be included since Plaintiff is not yet entitled to

receive his pension.  (Id. at PageID 3093.)  Defendant cites to Seventh Circuit precedent holding

that "[i]nterest is not available on lost future wages and pensions." (Id. at PageID 3093 (citing

Williamson v. Handy Button Mach. Co., 817 F.2d 1290, 1298 (7th Cir. 1987)).) Defendant also

points to case law stating that in the context of the Fair Labor Standard Act, "[a]llowance of interest

on minimum wages and liquidated damages . . . tends to produce the undesirable result of allowing

interest on interest." (ECF No. 189 at PageID 3094 (quoting Brooklyn Sav. Bank v. O'Neil, 324

U.S. 697, 715 (1945)).  Defendant also points to Fink v. City of New York, 129 F.Supp.2d

(E.D.N.Y. 2001), which the Court cited in its previous order, and argues that there is a distinction

in this case because the Fink defendant was arguing that no prejudgment interest should be applied

at all because liquidated damages had already been awarded.  (ECF No. 189 at PageID 3095.)

Defendant appears to be asking the Court to reconsider its earlier opinion, in which the

Court held that prejudgment interest would be assessed "for all lost wages, lost benefits, and

liquidated damages." (ECF No. 187 at PageID 3066.)  Because the Court has already decided this

issue, and Defendant has not filed a motion for reconsideration, the Court will not reconsider this

issue.

Defendant's arguments are also not convincing.  Williamson did not hold that prejudgment

interest was unavailable on lost pension amounts generally, but rather that it was not available on

any future wages and pensions.  Williamson, 817 F.2d 1290.  The Williamson court primarily

addressed the issue of determining which portion of a damages award encompassed back pay

versus front pay when the proposed verdict form did not distinguish between the past and future

sources of loss.  Id. at 1298.  This "lumping together" is not present here, as the jury form in the

instant action clearly asked the jury to specify separately what damages should be awarded for past and future lost wages and benefits.  (ECF no. 157.)

O'Neil involved a judgment under section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216[1] ("section 16"), for which interest is not recoverable.  (O'Neil, 324 U.S. at 715.)  The Supreme Court's reasoning for this was because section 16 "authorizes the recovery of liquidated damages as compensation for delay in payment of sums due under the Act" and this is essentially what interest is, and therefore it would be inconsistent with Congressional intent to grant the recovery of additional interest since Congress "has seen fit to fix the sums recoverable for delay." (O'Neil, 324 U.S. at 715.)  Essentially, the Court held that the liquidated damages under section 16 were interest awards themselves and therefore "allowing interest on interest" would be duplicative.  Id. at 715.  In contrast, the liquidated damages provision of USERRA does not serve to compensate for a delay in payment, but rather serves to discourage and compensate for willful violations of USERRA.  38 U.S.C. § 4323.  Because of this, the issue of "allowing interest on interest" is not present in the instant action.  (O'Neil, 324 U.S. at 715.)

While Defendant is correct that Fink involved a case where the issue was whether prejudgment interest could be awarded alongside, but not necessary applied to, liquidated damages, this does not preclude applying the prejudgment interest to liquidated damages themselves.  (ECF No. 189 at PageID 3094 (citing Fink, 129 F.Supp.2d 511).)  Defendant appears to have avoided addressing Serricchio v. Wachovia Securities, LLC, cited by the Court alongside Fink in its previous Opinion, which awarded prejudgment interest on both back pay and liquidated

---

[1] The relevant portions of the 1938 version of section 16(b), as referenced by the Court in O'Neil, provided that "(b) Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid over-time compensation, as the case may be, and in an additional equal amount as liquidated damages."  Fair Labor Standards Act of 1938, Pub. L. No. 75-718, § 16(b), 52 Stat. 1060, 1069.

damages for a USERRA violation.  (ECF No. 187 at PageID 3066 (citing <u>Serricchio v. Wachovia</u> <u>Securities, LLC</u>, 606 F.Supp.2d 256 (D. Conn. 2009), <u>aff'd</u>, 658 F.3d 169 (2d Cir. 2011)).) Because of the above, Plaintiff's calculation is proper, and is adopted.

### B) Offset for Negative Tax Consequences

The Parties also disagree on the proper amount of offset for negative tax consequences. Plaintiff argues that the tax offset should be calculated against the full amount of the damages ($1,460,121.18), which is the sum of backpay for lost wages and benefits ($561,000), front pay for lost wages and benefits ($49,635.59), liquidated damages ($610,635.59), and prejudgment interest ($238,850).  (ECF No. 188 at PageID 3074.) Defendant argues that the offset should be based only on the $610,635.59 amount for back and front pay lost wages and benefits.  (ECF No. 189 at PageID 3091.)  Plaintiff proposes a tax offset of $277,423 and Defendant proposes a tax offset of $109,914.  (ECF No. 188 at PageID 3073; ECF No. 189 at PageID 3093.)

Plaintiff argues that as a result of the judgment, he would be forced to pay an additional $109,914 in tax based on the lump sum payment for liquidated damages compared to what he would have paid otherwise.  (ECF No. 188 at PageID 3073.)  Plaintiff argues that "equity cannot favor punishing Mr. Ward with a $109,914 negative tax consequence."  (<u>Id.</u> at PageID 3073.)

Defendant argues that the Court has already ordered that $610,635.59 should form the basis for the offset for negative tax consequences calculation, and that Plaintiff has now "more than doubl[ed] what he asked for in previous filings."  (ECF No. 189 at PageID 3092.)

Plaintiff's original motion requested a tax liability offset of $127,980.00, based on the originally requested $711,000.00 in back and front pay lost wages and benefits.  (ECF No. 174 at PageID 2942.)  Notably, Plaintiff explicitly excluded liquidated damages from the calculation that he used to form the basis for the tax offset.  (<u>Id.</u> at PageID 2942.)  Defendant is correct that Plaintiff

is now requesting a tax offset significantly higher than that which he requested in his original

motion.  (Id. at PageID 2942.)  Additionally, it does not appear that equity requires a tax offset for

liquidated damages, since Plaintiff would not be entitled to these damages but for the present

litigation and therefore the only way these damages would be paid out is in one lump sum, not

across several years.  Because of this, a negative tax offset should not be assessed against the

liquidated damages.

Plaintiff shall be awarded the negative tax offset of $109,914 based on the back and front pay

amount of $610,635.59, which is in line with the Court's prior Order.  (ECF No. 187.)

### III.    CONCLUSION

For the foregoing reasons, it is **ORDERED** that the final judgment shall adopt Plaintiff's

calculation for the appropriate prejudgment interest ($238,850.00) and Defendant's calculation for

the appropriate tax offset ($109,914.00).  Plaintiff shall be entitled to judgment in the amount of

$1,570,035.18 as described in the below table, said amount to be reflected in the Final Judgment

in this cause.

|  | **Amount** |
|---|---|
| Lost Back Pay Wages and Benefits | $    561,000.00 |
| Front Pay - Wages | $      18,910.80 |
| Front Pay - Benefits | $      30,724.79 |
| USERRA Liquidated Damages | $    610,635.59 |
| Prejudgment Interest | $    238,850.00 |
| Adverse Tax Offset | $    109,914.00 |
| **Total:** | **$   1,570,035.18** |

**SO ORDERED**, this 31st day of October, 2022.

s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE