IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEDRIC WARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELBY COUNTY, )<br>)<br>Defendant. )<br>)<br>)<br>) | Case No. 2:20-cv-02407-JPM-cgc |

**ORDER GRANTING DEFENDANTS' MOTION FOR AWARD OF ATTORNEY FEES**

Before the Court is Plaintiff Sedric Ward's ("Mr. Ward" or "Plaintiff") Motion for Attorney Fees and Costs, filed on November 14, 2022. (ECF No. 193.) Defendant Shelby County (the "County" or "Defendant") filed its Response on December 2, 2022. (ECF No. 201.) For the reasons discussed below, Plaintiffs' Motion is **GRANTED**.

**I.      BACKGROUND**

On June 6, 2020, Plaintiff brought an action in this Court pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). See 38 U.S.C. §§ 4301 – 4335; (ECF No 1.)  On April 14, 2022, the jury in the instant case returned a verdict in favor of Plaintiff, awarding him $561,000.00 in backpay and benefits, and $150,000.00 for future damages. (ECF No. 157.)  The jury further found that Defendant's behavior was willful, and this Court awarded an additional $561,000.00 in liquidated damages. (Id.; ECF No. 187.) In total, accounting for the jury verdict (ECF No. 157), the Order on Post-Trial Motions (ECF

No. 187), and the Order on Prejudgment Interest and Negative Tax Offset (ECF No. 190), this Court entered a judgment in favor of the Plaintiff in the amount of $1,570,035.18. (ECF No. 191.)

Because Plaintiff prevailed on his claims, Plaintiff seeks an award of attorney's fees and costs under 38 U.S.C. Section 4323(h) in the amount of $854,067.50 in attorney fees and $18,782.94 in costs. (ECF No. 193 at PageID 3106.) Defendant asserts that attorney fees should not be awarded due to procedural deficiencies and substantive inaccuracies. (ECF No. 201 at PageID 3252.) Defendant alternatively contends that the attorney fees should be drastically reduced because the Plaintiff's proposed billing rate is too high, and the fee request contains certain erroneous or impermissible charges. (Id.)

**II.    LEGAL STANDARD**

USERRA was enacted "to prohibit discrimination against persons because of their service in the uniformed services," and was meant to be interpreted broadly. 38 U.S.C. § 4301(a)(1); Curby v. Archon, 216 F.3d 549, 556 (6th Cir. 2000); Vickers v. City of Memphis, 368 F. Supp. 2d 842, 845 (W.D. Tenn. 2005). "[T]he court may award […] reasonable attorney fees, expert witness fees, and other litigation expenses" to any person prevailing under USERRA with the help of private counsel. See 38 U.S.C. § 4323(h)(2). In civil rights cases, such as the case at bar, fee awards are not limited to a proportion of the damages award. See City of Riverside v. Rivera, 477 U.S. 561, 562 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.)

Attorney fees should be awarded based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which has become known as the "lodestar analysis." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Whether a fee is deemed reasonable is determined by the prevailing rates in the relevant community, focusing on the experience, training, and background of the individual attorneys, and is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (citations omitted); Reed v. Rhodes, 179 F.3d 453, 456 (6th Cir. 1999) (explaining that a "reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys") (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984). There is an exception to this general rule, however, when a case merits the use of an "out-of-town-specialist." Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995). "When fees are sought for an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." Id.

Furthermore, prior to any award of fees, "a district court must conclude that the fee applicant has sufficiently documented his time and hourly rate." Keener v. Dep't of Army, 136 F.R.D. 140, 146 (M.D. Tenn. 1991) (citing United Slate, Tile, & Composition Roofers, Damp & Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502-502 n. 2 (6th Cir. 1984)). The proof submitted "must be detailed enough for a district court to determine with a high degree of certainty that the time claimed was actually and reasonably spent." Id. at 147. Although Courts should exclude hours that were not deemed reasonable, "trial courts need not, and indeed should not, become green-eyeshade accountants" to determine

what individual expenditures were reasonable in each case. Williams v. Shelby Cnty. Sch. Sys., 2019 WL 490354 at *2 (W.D. Tenn. February 7, 2019) (quoting Ohio Right to Life Soc'y., Inc. v. Ohio Elections Comm'n, 590 F. App'x 597, 603 (6th Cir. 2014).

### III. ANALYSIS

#### A. Motion for Attorney Fees and Local Rules

##### 1. Rule 7.2

Defendant asserts that the present Motion should be dismissed because it fails to comply with the Local Rule 7.2. (ECF No. 201 at PageID 3253 – 3254); see also LR 7.2. Local Rule 7.2 requires a plaintiff to consult with a defendant and attach a certificate of counsel affirming that such consultation took place, and the parties were "unable to reach an accord as to all issues." LR 7.2. "Failure to attach an accompanying certificate of consultation **may** be deemed good grounds for denying the motion." Id. (emphasis added). "District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders." Pearce v. Chrysler Grp., L.L.C. Pension Plan, 615 F. App'x 342, 349 (6th Cir. 2015) (citing S.S v. E.Ky. Univ., 532 F.3d 445, 451 (6th Cir.2008); United States v. Gray, 876 F.2d 1411 (9th Cir.1989)).

Defendant analogizes the instant Motion to motions in limine that the Court denied on March 16, 2022. (ECF No. 201 at PageID 3253; see also ECF No. 129 (denying motions in limine).) The Court noted in its Order on Motions in Limine and Other Remaining Motions that the failure to include certificates of consultation for various motions in limine was "good grounds for denying these Motions." (ECF No. 129 at PageID 1924.) Motions in limine, however, are substantively different from the present motion and lack of compliance with Rule 7.2 was not the only reason for their dismissal. (ECF No. 201 at PageID 3253 - 3254.) The

Court denied those motions for two reasons: (1) because many of the motions "simply ask[ed] the Court generally to apply specific rules from the Federal Rules of Evidence[;]" and (2) "because they lack[ed] a certificate of consultation." (Id. at PageID 1925.)

While compliance with the local rules is important, the Court finds Defendant's arguments unconvincing in light of the public policy benefits advanced by civil rights litigation. See generally City of Riverside, 477 U.S. at 562; Curby, 216 F.3d at 556. Furthermore, the language of Local Rule 7.2 grants the Court discretion to dismiss a motion for lack of compliance. See LR 7.2. Here, Defendant's sole argument in support of dismissal under Rule 7.2 attempts to stretch the Court's previous holding. The Court therefore declines to dismiss the present motion on those grounds.

  2. *Rule 54.1(b)(2)*

Defendant also argues that the instant Motion should be dismissed because it fails to support the attorney fee request "with the requisite affidavits" as required by Local Rule 54.1(b)(2). (ECF No. 201 at PageID 3254 – 3258.) Rule 54.1(b)(2) requires an affidavit "of another **attorney in the community**," that sets out "the prevailing rate charged in the community for **similar services**." See LR 54.1(b)(2) (emphasis added). Defendant argues that although Plaintiff provided affidavits from three different attorneys in support of their motion, they fail to meet those requirements. (ECF No. 193-9; ECF No. 193-10; ECF No. 193-11.)

As the Defendant points out, the Watson (ECF No. 193-9) and Timmons (ECF No. 193-11) affidavits only meet the "in the community" requirement, while the Piscitelli affidavit (ECF No. 193-10) only meets the "similar services requirement" of the Local Rule. (ECF No. 201 at PageID 3255 – 3258.) However, "Plaintiff very reasonably had to search far and wide for a qualified USERRA litigator." (ECF No. 193-9 ¶ 9.) Furthermore, Plaintiff, "whose sister is a

5

local attorney, was unable to secure USERRA representation from a Memphis attorney." (ECF No. 193 at PageID 3112.)  Thus, it would be difficult, if not impossible, for the Plaintiff to find counsel that fulfills both requirements of Rule 54.1(b)(2).

Considering how difficult it appears to have been to find counsel that fulfills both requirements of Rule 54.1(b)(2), the three affidavits are sufficient to fulfill the goals of this Rule.

B. *Reasonable Fee*

In the present motion Plaintiff seeks an hourly rate of $550.00.  (Id. at PageID 3113.) Defendant presented no specific arguments regarding reasonable fees, outside of the already addressed Local Rule 54.1(b)(2) argument.  See supra III(A)(2).  Considering factors such as degree of skill, experience, and reputation required to litigate USERRA cases, the Court agrees that a fee of $550.00 per hour is appropriate, while acknowledging that such fee is on the higher end of the range of fees this Court has granted.  See e.g., Monroe v. Fts USA, LLC, No. 2:08-cv-02100-JTF-cgc, 2020 U.S. Dist. LEXIS 263139, at *24 (W.D. Tenn. Oct. 13, 2020) (holding that counsel's $500 - $600 hourly rates were reasonable); Peatross v. City of Memphis, No. 14-cv-2343-SHL-cgc, 2016 U.S. Dist. LEXIS 183822, at 8 (W.D. Tenn. Oct. 11, 2016) (awarding $400.00 an hour as a reasonable rate for Memphis market in 2016).

Even if the fees were not reasonable for the Memphis market, the instant case falls under the out-of-town-specialist exception to the lodestar analysis. "When fees are sought for an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." See Hadix, 65 F.3d at 535.  In the instant case, hiring an out-of-town attorney was not only

reasonable, but also necessary given that the Plaintiff "was unable to secure USERRA representation from a Memphis attorney." (ECF No. 193 at PageID 3112). Plaintiff's attorneys demonstrated that their experience, skill, and reputation justify the $550.00 hourly fee. (See ECF No. 193-1 ¶¶ y – dd (stating counsel Mitchell has been practicing law in federal courts for 16 years, and that he served as amicus counsel for a case that changed USERRA law); ECF No. 191-3 ¶ 5 ("[Mr. Jarrard's] practice is focused solely on USERRA litigation. In the past fifteen years, [he has] successfully litigated and resolved hundreds of USERRA and Veterans matters across the U.S."); ECF No. 193-9; ECF No. 193-10; ECF No. 193-11.)

Because Plaintiff was reasonable in hiring out of state attorneys and those attorneys meet the standard for exemplary skill, experience, and reputation, the Court finds the hourly rate of $550.00 appropriate.

### C. *Plaintiff's Supporting Memorandum and Billing Records Background Arguments*

Defendant further argues that the Court should deny the motion because of erroneous, frivolous, and duplicative charges in Plaintiff's billing statements. (ECF No. 201 at PageID 3258 – 3267.) Defendant specifically urges the Court to deny the motion because (1) Plaintiff's Counsel's bills include charges from before 2020; and (2) all three billing statements are "replete with unwarranted, unreasonable, or unsubstantiated charges." (Id. at PageID 3265 – 3266.) The Court considers each of these below. See infra III(D). Before addressing those individually, however, the Court first addresses some preliminary arguments raised by the Defendant.

#### 1. *Settlement Negotiations and Motion Practice*

In the response, Defendant presents a lengthy argument regarding motion practice in this matter and fault for failure to settle. (ECF No. 201 at PageID 3259 – 3264.) Defendant

7

argues that Plaintiff's motion practice was unnecessary and thus only increased the costs of the litigation. (Id. at PageID 3263.) Given the complexity of USERRA litigation, the Court finds that the motion practice in this case was reasonable. Furthermore, the time and labor expended by counsel is only one factor a court may consider in altering the amount of fees sought, not a reason to deny an entire motion for attorney fees. See Hensley, 461 U.S. at 430.

Defendant further argues that Plaintiff failed to seriously engage in settlement negotiations. (ECF No. 193 at PageID 3261.) The Court has reviewed the record and concludes that neither party seemed to be willing to settle the case given the discrepancies in their initial asks. This factor therefore does not weigh in favor of either party as a factor in adjusting the attorney fee amount.

### 2. *McDonald* Case

Defendant argues that the instant case is analogous to the McDonald case. See McDonald, et al. v. City of Memphis, et al, 2016 WL 8201169 at * 1 (W. D. Tenn. November 29, 2016). The present Motion, however, is fundamentally different from the one dismissed by this Court in McDonald.

In McDonald, one of the attorneys requested an award of $73,834.44 in attorney fees. Id. at *4. That attorney failed to indicate to the Court his hourly rate and did "not provide any documentation of his background and experience as support for his hourly rate matching the prevailing rate for attorneys in the community with similar skill, experience and reputation." Id. The defendants in McDonald presented evidence that the attorney participated in the case in an extremely limited manner, and that his time entries were excessive, for example, "charg[ing] 1 hour to read a 1-page, 1 paragraph order." Id. at *5. The Court in McDonald

noted that, "given the unreliability of **many** of [the attorney's] entries[,]" it would not guess as to which "time entries indicate work actually helpful to the case." Id. (emphasis added).

The present Motion can be readily distinguished. All of Plaintiff's attorneys provided documentation regarding their hourly rate. (ECF No. 193-9; ECF No. 193-10; ECF No. 193-11.) All of Plaintiff's attorneys have been highly involved in the case. (ECF No. 193-2; ECF No. 193-4; ECF No. 193-6.) The Court has reviewed the time entries of each of Plaintiff's attorneys and determined only one entry to be erroneous, in contrast to the many erroneous entries in the McDonald case's tables. See infra III(D). The present Motion, therefore, does not suffer from any of the ailments which caused the Court in McDonald to deny the requested fee award.

Having addressed this preliminary issue, the Court will now turn to the arguments Defendant presents regarding validity of individual charges.

*D. Arguments Regarding Erroneous Charges*

It is well established that courts should exclude hours that were not reasonably expended. McDonald, 2016 WL 8201169 at *5. The Court therefore evaluates the erroneous charge claims put forward by Defendant.

*1. Charges from before 2020*

Defendant argues that "[b]oth the billing statements for Attorney Thomas Jarrard (ECF No. 193-4 ("Jarrard Bill")[)] and Attorney Robert Mitchell (ECF No. 193-2 ("Mitchell Bill")) contain charges dating all the way back to 2015" and thus must be erroneous. (ECF No. 201 at PageID 3265.) Defendant speculates that these charges stem from Plaintiff's Attorneys' investigations for a previous case. (Id.) Defendant, however, fails to proffer any evidence that these entries were improperly included or related to a proceeding other than the instant case.

9

The Court has reviewed the pertinent billing entries both on the Jarrard Bill and the Mitchell Bill. Neither filing contains any entry indicating that it should not be billed to the instant case. (ECF No. 193-2 at PageID 3134 – 3236; ECF No. 193-4 at PageID 3165.) Even if some of the anticipatory work in 2015 overlapped with other cases, nothing in evidence shows that Mr. Mitchell and Mr. Jarrard failed to split the relevant time between their cases in an appropriate manner. Because Defendant fails to proffer any proof for the alleged double billing, the Court will not strike any of the individual billing entries from before 2020.

2. *Unwarranted, unreasonable, or unsubstantiated charges*

Defendant also argues that all three billing statements (ECF No. 193-2; ECF No. 193-4; ECF No. 193-6) "are replete with unwarranted or unsubstantiated charges." (ECF No. 201 at PageID 3266.) To support its argument Defendant provides four examples: (1) the Mitchell Bill "contains multiple entries for drafting[,] filing[,] and defending the wholly unnecessary Motion for Default Judgment[;] (2) the Mitchell Bill contains charge for "Client dinner at my house […];" (3) the Jarrard Bill "contains multiple instances [of] charges so vague as to be unreasonable[;]" and (4) Attorney SaraEllen Hutchinson's bill ("Hutchinson Bill") "contains excessive charges beyond any reasonable conception of the necessary time the case required." (Id. at PageID 3266 - 3267.) The Court addresses each of those allegations separately below.

i. *Billing for the "Wholly Unnecessary" Motion for Default Judgment*

The Court has already addressed and dismissed any allegations of unnecessary motion practice by the Plaintiff. See supra III(C). The Court therefore declines to strike any billing entries related to the Motion for Default.

ii. *Client Dinner Charge*

The "[c]lient dinner at my house to update and prepare for eventual trial" charge does not provide the necessary detail to determine how the 6.5 hours totaling $3,575.00 should be allocated.  (ECF No. 201 at PageID 3266.)  Without more specificity the charges for dinner time should not have been billed.   The Court will therefore subtract $3,575 from the requested attorney fee.

### iii.  Vague Charges in the Jarrard Bill

Defendant asserts that the Jarrad Bill contains multiple instances of vague charges because the charges contain question marks.  (ECF No. 201 at PageID 3266.)  The Court does not find this argument persuasive.  The entries clearly indicate that they are emails between the Plaintiff's attorneys (e.g., entry 45), or the entries contain more detailed notes following the question marks (e.g., entry 30).  (See e.g., ECF No. 193-4 at PageID 318 ("3 emails between the team, Sedric Ward – Discovery."))  Furthermore, Defendant claims that the Jarrard Bill is "littered" with such entries, however the Court was able to identify only a handful of such entries from total of over seven hundred (700) entries.  (ECF No. 201 at PageID 3266; ECF No. 193-4.)  Finally, Defendant argues that entry 171 in the Jarrard Bill is vague.  The Court was not able to locate the language Defendant cites in support of this allegation in the Jarrard Bill.

For the foregoing reasons, the Court will not strike any of the Jarrad Bill entries.

### iv.  Excessive Entries in the Hutchinson Bill

Defendant also argues that the Hutchinson Bill entries are excessive because the attorney billed "six (6) days of trial prep for a trial that only actually lasted four (4)."  (ECF No. 201 at PageID 3267.)  Defendant argues without authority that it "would be unreasonable to allow a party to bill for more time in preparing for trial than was actually necessary to complete the trial itself."  (Id.)  Trial preparation tends to be arduous and lengthy, and often exceeds the length of

11

the trial itself. The Court therefore will not strike the trial preparation entries in the Hutchinson Bill.

    *E.* Costs and Fees

Finally, Defendant argues that USERRA does not allow Plaintiff's attorneys to recoup their costs, because 38 U.S.C. Section 4323(h)(1) states that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." (Id. at PageID 3267.) Defendant is not a "person claiming rights under [the USERRA] chapter." 38 U.S.C. § 4323(h)(1). Therefore, this prohibition does not apply.

**IV. CONCLUSION**

Defendants' request for Section 4323(h)(2) sanctions and costs is hereby **GRANTED**. The Court awards Defendants $850,492.50 in attorney fees and $18,782.94 in cost. The attorney fees are calculated by subtracting $3,575.00 (for the erroneous billing of Client Dinner) from the billed total of $854,067.50 in attorney's fees.

**SO ORDERED**, this the 15th day of September, 2023.

                                              /s/ Jon P. McCalla
                                              JON P. McCALLA
                                              UNITED STATES DISTRICT JUDGE