IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEDRIC WARD,<br><br>　　　Plaintiff,<br><br>v.<br><br>SHELBY COUNTY,<br><br>　　　Defendant. | Case No. 2:20-cv-02407 |

**ORDER CLARIFYING EVIDENTIARY BURDEN**

Before the Court is Defendant Shelby County's ("Shelby County's" or "Defendant's") Motion in Limine #5, filed on September 6, 2024. (ECF No. 232 at PageID 3475.) Defendant wishes to designate Plaintiff Sedric Ward ("Ward" or "Plaintiff") as the party bearing the evidentiary burden. (Id.) Plaintiff filed his response on September 12, 2024. (ECF No. 235.)

**I.　BACKGROUND**

Plaintiff brought suit against Defendant for violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA). (ECF No. 1.) Plaintiff sought: (1) declaratory judgment that the Release did not waive any USERRA rights; (2) declaratory judgment that Shelby County's Military Leave Policy violates USERRA; and (3) a finding that Shelby County violated Plaintiff's USERRA rights by discriminating and retaliating against him for his military status. (Id.)

**　A.  Factual Background**

Plaintiff began working for the Shelby County Jail in 1998 while serving in the U.S. Army Reserve. (ECF No. 72-2 ¶¶ 8–10.) In 2013, Defendant performed an audit of the Shelby County Sheriff's Office ("SCSO") Jail Division — Jail Human Resources Unit due to performance issues within the Jail's Human Resources Office ("January 2014 Audit Report"). (ECF No. 80-1 ¶ 2.) The January 2014 Audit Report found instances of alleged misuse of sick leave, Family and Medical Leave Act ("FMLA") leave, and paid military leave, as well as instances of inconsistent discipline. (Id. ¶ 4.) Based on the January 2014 Audit Report, a detective pursued a criminal investigation, which ended in a charge of felony theft of property against Plaintiff. (Id. ¶ 8; ECF No. 64-4 at PageID 883.) The charge of felony theft of property over $1,000 was submitted to the grand jury, and on November 4, 2014, the grand jury returned a true bill indicting Ward for felony theft of property valued at over $1,000. (ECF No. 80-1 ¶ 26.) The charges against Plaintiff were dropped on December 4, 2015. (Id. ¶ 28.)

On or about October 10, 2014, there was an administrative investigation into Plaintiff's alleged violation of SCSO employment policies, which focused on Plaintiff's alleged violations of SCSO employment policies, including those relating to leave-time requests, personal conduct, and adherence to the law. (Id. ¶ 33–36.) The administrator compiled a report based on information she collected during her investigation and found that Plaintiff had violated SCSO policies. (Id. ¶ 40.) Following an Administrative Pre-Disciplinary Hearing with Plaintiff regarding the allegations of SCSO policy violations, Plaintiff was sent a Notice of Termination and dismissed from employment with the SCSO on April 7, 2015. (ECF No. 64-5.)

On August 3, 2016, Plaintiff executed an "Agreement and General Release" ("Release"). (ECF No. 80-1 ¶ 65.) According to the Release, Plaintiff was to return to work at the SCSO effective September 16, 2016, and Plaintiff was to be paid the equivalent of three weeks back-

pay wages.  (ECF Nos. 1-1 at PageID 31–33; 80-1 ¶ 66.)  In exchange for his reinstatement and back-pay, the Release stated that Plaintiff is:

> "[to] be on probation for 6 months immediately following his re-instatement; to withdraw his appeal of his April 7, 2015 termination before the Shelby County Civil Service Merit Board; and to release the SCSO and its officers, directors, and employees, from any and all claims whatsoever, both known and unknown, both before the Board and before any local, state, or federal agency or court, arising out of his termination from employment on April 7,2015 and his probation and permanent assignment pursuant to this agreement."

(ECF Nos. 1-1 at PageID 31–33.)

Plaintiff obtained documents regarding his USERRA rights prior to his termination.  (ECF No. 80-1 ¶ 70.)  The USERRA documents describe the protections afforded to servicemember employees, and Plaintiff was aware of his USERRA rights at the time he provided the USERRA documents to Shelby County.  (Id. ¶¶ 71–72.)  On September 7, 2016, Plaintiff declined to return to work with the SCSO, stating in an email that "it's been almost two years since I was relieved of duty from the Sheriff's office," and that "things wouldn't feel right if [he] returned."  (Id. ¶ 73.)

### B. Procedural Background

Plaintiff filed the Complaint on June 9, 2020.  (ECF No. 1.)  The parties each filed a Motion for Summary Judgment on whether Plaintiff had waived his USERRA claim in the Release.  (ECF Nos. 60, 64.)  The Court granted Plaintiff's Motion for Summary Judgment on the USERRA waiver.  (See ECF No. 87.)  Following an appeal, the Sixth Circuit remanded for a jury trial to one issue: in proving waiver of his USERRA claims, "whether [Plaintiff] believed benefits from the [Release] outweighed his USERRA claim."  Ward v. Shelby Cnty., Tenn., 98 F.4th 688, 693 (6th Cir. 2024).

### II.    PARTY ARGUMENTS

The parties disagree on who bears the burden of proof (both production and persuasion) as to the sole issue in the case.  (ECF No. 225 at 3427–28.)

Defendant argues that "[t]he burden of proof has shifted to Plaintiff due to Defendant having proven the existence of the [R]elease."  (Id. at 3428.)  Defendant relies on Judge Martin's concurrence in Wysocki v. Int. Machine Business Corp., 607 F.3d 1102, 1110 (6th Cir. 2010).  Defendants argue that the Wysocki concurrence supports the proposition that "the presentation of a facially valid and signed waiver document is enough to meet a defendant's 'initial burden of production in asserting the Release.'"  (ECF No. 232 at PageID 3475 (citing Wysocki, 607 F.3d at 1110).)

In his response to Defendant's Motion, Plaintiff avers that Defendant is relying on dicta rather than the law of the case, and that Defendant still must bear the burden of proof on its affirmative defense.[1]  (ECF No. 235 at PageID 3510–11.)  Plaintiff argues that "[d]efendants always bear the burden of proof (both production and persuasion) for their affirmative defenses," and that Defendant here must "show by a preponderance of the evidence that at the time [Plaintiff] signed the [Release], 'Ward believed benefits from the settlement agreement outweighed his USERRA claim.'"  (ECF No. 225 at 3427–28 (quoting Ward, 98 F.4th at 693).)

### III.    ANALYSIS

Plaintiff's argument is the correct one on this issue. "[A]s the party asserting the affirmative defense[], [Defendant bears] the burden of proof. . . ."  Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence, 910 F.3d 270, 284 (6th Cir. 2018).  Here, Defendant's affirmative defense of waiver has two requirements: (1) that the Release encompassed the USERRA claim;

---

[1] While Plaintiff made other arguments involving "sandbagging" and heightened standards for USERRA waiver, those arguments are not necessary to the final analysis.  (See ECF No. 235 at PageID 3508–11.)  Thus, the Court does not consider them.

and (2) that the benefits under the Release were more beneficial than Plaintiff's USERRA claim. Ward, 98 F.4th at 692 (after determining that the Release agreement encompassed USERRA claims, there is a "second requirement . . . that the agreement 'establish[]' rights that are 'more beneficial' for the service member than the ones he gives up"). The only question of fact on remand is this second inquiry of whether "[Plaintiff] believed benefits from the [Release] outweighed his USERRA claim." Id. at 693. Defendant still has the burden of proof on this second requirement. See Franklin, 910 F.3d at 284.

Defendant's Wysocki argument is unavailing because of this second component of its affirmative defense. See Ward, 98 F.4th at 692. In Wysocki, the shifting of the burden of proof to plaintiff occurred after the defendant satisfied both requirements of the affirmative defense. See Wysocki, 607 F.3d at 1110. Here, however, only the first requirement of the affirmative defense is satisfied. Thus, the burden of proof remains with the Defendant. See Franklin, 910 F.3d at 284. As Plaintiff notes, "[i]t is Defendant's burden to prove that Plaintiff believed that the agreement was more beneficial than his USERRA rights at the time he signed it." (ECF No. 235 at PageID 3512; cf Pierce v. Atchison Topeka & Santa Fe Ry. Co., 110 F.3d 431, 438 (7th Cir. 1997) ("Accordingly, the party seeking to enforce a waiver of [federal Age Discrimination in Employment Act] rights should bear the burden of proving knowing and voluntary consent.").)

## IV.    CONCLUSION

For the reasons set out above, Defendant bears the burden of proof. Defendant must prove by a preponderance of evidence that, under the totality of the circumstances, "[Plaintiff] believed benefits from the [Release] outweighed his USERRA claim." Ward, 98 F.4th at 693.

**SO ORDERED** this 18th of September, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE