IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEDRIC WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-cv-02407 |
| v. ) | |
| ) | |
| SHELBY COUNTY ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTIONS IN LIMINE

Before the Court are Plaintiff Sedric Ward's ("Ward's") Motion in Limine No. 1 (ECF No. 233 at PageID 3479–81), Motion in Limine No. 2 (Id. at PageID 3481), Motion in Limine No. 3 (Id. at PageID 3482), and Motion in Limine No. 4 (Id. at PageID 3482–84), all filed on September 6, 2024. Defendant filed its response on September 13, 2024. (ECF No. 241.)

Also before the Court are Defendant Shelby County's ("Defendant's") Motion in Limine No. 1 (ECF No. 232 at PageID 3473), Motion in Limine No. 2 (Id. at PageID 3473–74), Motion in Limine No. 3 (Id. at PageID 3474), Motion in Limine No. 4 (Id. at PageID 3474–75), and Motion in Limine No. 5 (Id. at PageID 3475). Plaintiff filed his response on September 12, 2024. (ECF No. 235.)

**I.     PLAINTIFF'S MOTIONS IN LIMINE**

    **A. Motion in Limine #1—Exclusion of Testimony by Any Witness Other Than Plaintiff**

Plaintiff seeks to exclude testimony by any witness other than Plaintiff himself, as only Plaintiff would have "personal knowledge of Mr. Ward's thoughts or beliefs at the time he signed the agreement, or what information he used to inform his decisions, how he valued any

benefits or what he believed their value to." (ECF No. 233 at PageID 3479.) At the pretrial conference on September 17, 2024 ("Pretrial Conference"), Plaintiff admitted that this Motion is solely focused on "Kirk Fields, Chief Jailor of the Shelby County Jail" (ECF No. 241 at PageID 3544), because Fields is the only witness Defendant intends to call. (Draft Transcript of the Pretrial Hearing, September 17, 2024 ("TR") at 11:3, 22–23.) Plaintiff cites multiple Rules of Evidence to support his argument: FRE 401/402, FRE 403, and FRE 601.

Plaintiff argues that the evidence is irrelevant under FRE 401 because "Fields has no competent facts that make the determination of what [Plaintiff] believed at the time more or less probable—only [Plaintiff] knows those facts." (ECF No. 233 at PageID 3480.) Defendant argues that Fields' knowledge of the County's Civil Service Merit Board ("CSMB"), along with the fact that Fields was the "terminating official in Plaintiff's CSMB case and would have been management's representative at the CSMB hearing," is relevant because it goes towards the "alternative means of redress available to Plaintiff through CSMB." (ECF No. 241 at PageID 3545.) Plaintiff's argument must prevail based on the hearing and the factual concessions by the parties in this case. Fields, as the terminating official in Plaintiff's CSMB case, would not have knowledge as to the settlement agreement, which was done "in lieu of proceeding with the merit system protection board procedure." (TR at 6:15–16.) Further, the timeline established at the Pretrial Conference shows Fields' lack of involvement. Fields was last involved in the case in April 2015. (Id. at 7:9–10.)[1] Plaintiff, however, signed the release agreement in August 2016.

---

[1] Defendants dispute this characterization, stating that "as part of the CSMB process, [Fields] would have been involved as the . . . terminating official in this case . . . in all stages of the CSMB preparation and hearing." (TR at 8:5–8.) Regardless of which timeline the Court adopts—it is not disputed that Fields' involvement ceased before the release was signed, the settlement agreement having been executed "in lieu of proceeding with the merit system protection board procedure." (Id. at 6:15–16.)

(Id. at 7:7–8.; ECF No. 225 at PageID 3426.) Defendants have alleged no facts as to any conversations between Fields and Plaintiff regarding Plaintiff's USERRA claims before signing the release agreement. (TR at 9:2–6.) Thus, Fields' testimony is irrelevant. See Fed. R. Evid. 401, 402.

Fields' testimony similarly fails the balancing test under FRE 403. Because Fields' testimony is irrelevant, it has little to no probative value. Further, Fields' testimony regarding what may occur at a CSMB hearing may confuse the jury, given that the release agreement was an alternative to the CSMB hearing. See Fed. R. Evid. 403.

Because Fields' testimony is irrelevant under FRE 402 and fails the balancing test under FRE 403, the Court **GRANTS** Plaintiff's Motion in Limine #1.[2]

### B. Motion in Limine #2—Exclusion of Testimony that Defendant is a "Military Friendly" and/or "Veteran Friendly" Employer

Plaintiff seeks to exclude "evidence extoling [Defendant's] admiration for the military and veterans as well as positive awards that the [D]efendant[] may have received from veteran related groups, [or] military or veteran status of witnesses or their family members[,]" as well as "evidence that Defendants employ/ed or supervised other members of the military reserves." (ECF No. 233 at PageID 3481.)

Plaintiff argues that these "demonstrations of admiration . . . are completely immaterial to the issues in this case and have not been produced in discovery." (Id.) (emphasis omitted).

Defendant does not oppose this "[t]o the extent Plaintiff seeks to exclude evidence of how Defendant treated individuals other than Plaintiff…." (ECF No. 241 at PageID 3547.)

---

[2] Because the Court will exclude the evidence under FREs 402 and 403, it will not reach Plaintiff's argument regarding FRE 601.

However, Defendant also wishes to make sure that "Plaintiffs are also excluded from presenting evidence of alleged mistreatment of members of the military other than Plaintiff." (Id.)

Given that the parties agree that evidence of other employee's military status and treatment, and its arguably irrelevant status, that evidence is excluded. The Court thus **GRANTS** Plaintiff's Motion in Limine #2 on those terms.

### C. Motion in Limine #3—Exclusion of Testimony That a Witness (Other Than Plaintiff) or Their Relative Was a Member of the Military

Plaintiff wishes to exclude "evidence [from Defendant] that some witnesses (or their relatives) are or were members of the military [in order] to enhance that witness's credibility." (ECF No. 233 at PageID 3482.) Plaintiff argues that this evidence is "completely immaterial" and thus should be excluded under FRE 403. (Id.) "Defendant again does not object to excluding testimony regarding individuals other than Plaintiff, provided Plaintiff is similarly barred from presenting evidence that that there exists an overall or systemic bias against the military or military service within the County." (ECF No. 241 at PageID 3547.)

Given that the parties agree that evidence of the military status of other witnesses can be excluded, the Court **GRANTS** Plaintiff's Motion in Limine #3.

### D. Motion in Limine #4—Exclusion of Witnesses Under Rule 615

"[Plaintiff] request[s] that the Court exclude all witnesses from the trial proceedings when those witnesses are not testifying." (ECF No. 233 at PageID 3482.) This includes Fields. (Id. at PageID 3483.)

Plaintiff argues that Fields should be excluded when not testifying because: (1) he is not essential to Defendant's affirmative defense; and (2) he has no information pertinent to assisting Defendant's counsel. (ECF No. 233 at PageID 3484.) Defendant counters that Fields is a party

representative, and there is no requirement that the representative be "essential" to the case. (ECF No. 241 at PageID 3548.)

Defendant's argument must prevail. Under the "party representative exception" to FRE 615, a court will not exclude "one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney." Fed. R. Evid. 615(a)(2). As Defendant notes, it is not a natural person, and Fields is its employee. (ECF No. 241 at PageID 3548.) Further, Defendant would only need to show that Fields is "essential" if it sought to have more than one representative. Fed. R. Evid. 615(a)(2) committee's note to 2011 amendment. The Court thus **DENIES** Plaintiff's Motion in Limine #4.

## II.     DEFENDANT'S MOTIONS IN LIMINE

### A.  Motion in Limine #1—Exclusion of Reference to Military Service

"Defendant moves to exclude any reference by counsel for either party to counsel's own military service, or to opposing counsel's military service or lack thereof." (ECF No. 232 at PageID 3473.) Defendant maintains that the evidence "has no relevance to the case and may instead only serve to unfairly influence the jury." (Id.) Plaintiff has no objection. (ECF No. 235 at 3505.) Thus, Court is **GRANTS** Defendant's Motion in Limine #1.

### B.  Motion in Limine #2—Exclusion of Reference to Prior USERRRA Cases

Defendant seeks to "exclude reference to, or proof from, previous litigation involving Plaintiff's current counsel. Specifically, the County moves to exclude any reference to or proof from <u>Alvin Williams, et al. v. Shelby County Tennessee</u>, 2:18-cv-02531-JPM-cgc…." (ECF No. 232 at PageID 3473.)

Defendant also seeks to prohibit Plaintiff "from presenting testimony from or about the alleged treatment of any service member who is not a party to this lawsuit, as it is irrelevant to

Plaintiff's claim and/or to the extent such testimony's probative value is outweighed by the danger of unfair prejudice." (Id.)

Plaintiff states that he has "no intent of re-litigating . . . previously settled claims[, or], . . . bringing up any other employee's experiences with [Defendant]." (ECF No. 235 at PageID 3505.) However, Plaintiff reserves the right to reference prior USERRA cases when they "informed his belief concerning the value of the position Defendant offered him." (Id.)

To the degree that Defendant wishes for all references to the prior USERRA litigation of Vaughn or Williams to be excluded, that request is denied. As Plaintiff correctly points out, the degree to which Vaughn's and William's experiences "informed his belief concerning the value" of the release agreement is directly relevant to the central issue of the case. (Id.) Further, the probative value of that belief is not outweighed by any risk of unfair prejudice. However, Plaintiff may not "re-litigate" any previous cases. (Id.) The Court thus **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine No. 2. Plaintiff may only reference prior USERRA litigation if it informs the jury as to how the prior experiences "informed his belief concerning the value of the position Defendant offered him." (Id.)

### C. Motion in Limine #3—Exclusion of Reference to Previous Trial

"Defendant moves to exclude any reference to the previous trial in this matter conducted on April 11, 2022, through April 14, 2022. Specifically, Defendant moves to exclude any evidence or testimony relating to liability and the attendant jury award from the previous case." (ECF No. 232 at PageID 3474.) Defendant contends that this evidence is not relevant to the case, as it is outside the "relevant time period for determining what Plaintiff's actual belief as to the relative benefits of the Release…." (Id.)

Plaintiff counters that "[s]ome of [the] evidence" as to Plaintiff's belief at the time of the agreement was "presented in the prior trial, by [Defendant] no less," and must be relevant. (ECF No. 235 at PageID 3506.)

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine #3. The Court will not categorically bar "any reference to the previous trial." (ECF No. 232 at PageID 3474.) To the degree that information from the previous trial—including "[t]he value of lost back pay, pension losses for the specified period of time leading up to the purported waiver, his concerns for his quality of life, [and] other influences at the time Mr. Ward formed his objective and subjective beliefs"—is needed in this trial to show Plaintiff's belief at the time of the execution of the release, that information is relevant. (ECF No. 235 at PageID 3506.) The Court will not exclude that information. However, Defendant is correct in that the liability of Defendant and the damages award given at the first trial are beyond the relevant time period for determining Plaintiff's belief of the benefits of the release. (See ECF No. 232 at PageID 3474.) As a result, that information is excluded.

### D. Motion in Limine #4—Exclusion of Emotional Appeal to the Jury Based Upon Military Service

"Defendant moves to exclude any evidence or argument by counsel that amounts to an emotional appeal to the jury based upon military service." (ECF No. 232 at PageID 3475.) Specifically, "Defendant moves that the Court disallow any evidence or argument that Plaintiff's military service, in and of itself, makes him more or less deserving of a verdict in his favor." (Id.)

Plaintiff counters that Defendant's Motion is "overly broad," "does not specific any particular evidence," and "contradict[s] Defendant's own proposed instructions to the jury." (ECF No. 235 at PageID 3507.)

The Court agrees with Plaintiff, and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine #4. The parties agree that arguments as to whether Plaintiff "deserves" a verdict purely based on his military service will be excluded. (See id.) However, the Court will not bar evidence that touches on Plaintiff's military experience. As Plaintiff explains, he may need to explain his "circumstances and predicament leading directly up to the signing of the agreement, including the effect the arrest and charges had on his employment, qualify of life, financial struggles and military service…." (Id.) This evidence is relevant to how Plaintiff weighed the settlement benefits versus the USERRA claim, and the Court will not exclude it simply because it touches on Plaintiff's military experience.

### E. Motion in Limine #5—Designation of Plaintiff as the Party Bearing the Evidentiary Burden

As per the reasoning in the Court's Order Clarifying Evidentiary Burden, the Court **DENIES** Defendant's Motion in Limine #5. (ECF No. 246.) Defendant bears the evidentiary burden. (Id. at PageID 3558.)

### III. CONCLUSION

For the above reasons, the Court enters judgment on Plaintiff's and Defendant's Motions in Limine as reflected in the tables below.

| PLAINTIFF'S MOTIONS IN LIMINE | | |
|---|---|---|
| **MIL Number** | **Evidence to Exclude** | **Status** |
| 1 | Exclude testimony by any witness other than Mr. Ward | GRANTED |
| 2 | Exclude testimony that Shelby County is a "military friendly" and/or "veteran friendly" employer | GRANTED |
| 3 | Exclude testimony that a witness (other than Mr. Ward) or their relative was a member of the military | GRANTED |
| 4 | Exclude witnesses under Rule 615 | DENIED |

| DEFENDANT'S MOTIONS IN LIMINE | | |
|---|---|---|
| MIL Number | Evidence to Exclude | Status |
| 1 | Exclude any reference to counsel's military service or lack thereof | GRANTED |
| 2 | Exclude reference to prior USERRA cases | GRANTED IN PART, DENIED IN PART |
| 3 | Exclude reference to previous trial, specifically as to liability and the jury award | GRANTED IN PART, DENIED IN PART |
| 4 | Exclude emotional appeal to the jury based upon military service | GRANTED IN PART, DENIED IN PART |
| 5 | Designate Plaintiff as the party bearing the evidentiary burden | DENIED |

**SO ORDERED**, this 18th of September, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE