IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEDRIC WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-02407-JPM-cgc |
| | ) |
| v. | ) |
| | ) |
| SHELBY COUNTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR NEW TRIAL**

Before the Court is Defendant Shelby County's ("Defendant's" or "Shelby County's") Renewed Motion for Judgment as a Matter of Law or for New Trial, filed February 27, 2025. (ECF No. 273.) Defendant moves for judgment as a matter of law ("JMOL") or in the alternative, for the Court to alter the judgment in its favor, or for a new trial. (<u>Id.</u> at PageID 3929.) For the reasons set forth below, Defendant's Motion is **DENIED**.

I.      **BACKGROUND**

Plaintiff Sedric Ward ("Plaintiff" or "Ward") brought this action against Defendant, his former employer, asserting violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311 *et seq*. (ECF No. 1.) The Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 4323(b)(1)–(3) and 28 U.S.C. § 1331.

A.  **Factual Background**

Plaintiff began working for the Shelby County Jail in 1998 while serving in the U.S. Army Reserve. (ECF No. 72-2 ¶¶ 8–10.) In 2013, Defendant performed an audit of the Shelby County Sheriff's Office ("SCSO") Jail Division–Jail Human Resources Unit due to performance issues within the Jail's Human Resources Office ("January 2014 Audit Report"). (ECF No. 80-1 ¶ 2.) The January 2014 Audit Report found instances of alleged misuse of sick leave, Family and Medical Leave Act ("FMLA") leave, and paid military leave, as well as instances of inconsistent discipline. (Id. ¶ 4.) Based on the January 2014 Audit Report, a Shelby County detective pursued a criminal investigation, which ended in a charge of felony theft of property against Plaintiff. (Id. ¶ 8; ECF No. 64-4 at PageID 883.) The charge of felony theft of property of over $1,000 was submitted to a grand jury. (ECF No. 80-1 ¶ 25.) On November 4, 2014, the grand jury returned a true bill indicting Ward for felony theft of property valued at over $1,000. (Id. ¶ 26.) On December 4, 2015, the charge against Plaintiff was dropped. (Id. ¶ 28.)

On or about October 10, 2014, an SCSO detective began an administrative investigation into Plaintiff's alleged violations of SCSO employment policies, including those relating to leave-time requests, personal conduct, and adherence to the law. (Id. ¶ 33–36.) The detective compiled a report of asserted facts and evidence and found that Plaintiff had violated SCSO policies. (Id. ¶ 40.) On January 27, 2015, the Chief Inspector for SCSO Jail Administration conducted an Administrative Pre-Disciplinary Hearing with Plaintiff regarding the allegations of SCSO policy violations. (ECF No. 80-1 ¶¶ 45–47.) Plaintiff received a Notice of Termination and was dismissed from his employment on April 7, 2015. (ECF No. 64-5.)

Plaintiff obtained documents regarding his USERRA rights and provided them to Defendant prior to his termination. (ECF No. 80-1 ¶ 70.) The USERRA documents describe the

2

protections afforded to servicemember employees. (Id. ¶ 71.) Plaintiff was aware of his USERRA rights at the time he provided the USERRA documents to Shelby County. (Id. ¶ 72.)

On August 3, 2016, Plaintiff executed an Agreement and General Release (the "Agreement"). (ECF No. 80-1 ¶ 65.) According to the Agreement, Plaintiff was to return to work at the SCSO effective September 16, 2016. (Id. ¶ 66.) Upon his return, Plaintiff was to be paid the equivalent of three weeks of back-pay wages. (Id.; ECF Nos. 1-1 at PageID 31–33.) In exchange for his reinstatement and back-pay, the Release stated that Plaintiff was:

> [to] be on probation for 6 months immediately following his re-instatement; to withdraw his appeal of his April 7, 2015 termination before the Shelby County Civil Service Merit Board; and to release the SCSO and its officers, directors, and employees, from any and all claims whatsoever, both known and unknown, both before the Board and before any local, state, or federal agency or court, arising out of his termination from employment on April 7, 2015 and his probation and permanent assignment pursuant to this agreement.

(ECF No. 1-1 at PageID 31–33.)

On September 7, 2016, Plaintiff declined to return to work with the SCSO, stating in an email, "it's been almost two years since I was relieved of duty from the Sheriff's office, and I realized that things wouldn't feel right if I returned." (ECF No. 80-1 ¶ 73.)

**B.   Procedural Background**

The relevant procedural history begins in early 2021, when the Parties filed cross motions for summary judgment. (See ECF Nos. 60, 64.) In its Order Granting in Part and Denying in Part the Motions for Summary Judgment (the "Summary Judgment Order"), the Court granted Plaintiff's motion regarding waiver of his USERRA rights, finding Plaintiff did not waive his USERRA rights when he signed the Agreement. (See ECF No. 87 at PageID 1519–23.)

From April 11 to 13, 2022, the Court held the initial trial in this matter. (See ECF No. 273-1 at PageID 3933 (citing ECF No. 160).) The jury in the initial trial returned a verdict in favor of Plaintiff. (Id.) Following the verdict, Defendant filed a Motion for Judgment as a Matter of Law

3

and a Motion for Remittitur or New Trial.  (ECF Nos. 170–71.)  The Court denied those motions.  (See ECF No. 187.)

On November 29, 2022, Defendant filed an appeal with the Sixth Circuit.  (ECF No. 199.)[1]  Defendant appealed the Court's Summary Judgment Order "only to the extent such order granted Plaintiff summary judgment and denied Defendant summary judgment on the issue of whether Plaintiff had waived his claims that were the subject of the lawsuit."  (Id. at PageID 3244.)  On April 11, 2024, the Sixth Circuit issued its Opinion.  (ECF No. 240.)  Vacating and remanding the case, the Sixth Circuit specifically held that the "issue [of] whether [Plaintiff] believed benefits from the settlement agreement outweighed his USERRA claim is . . . one for a jury to decide."  Ward v. Shelby Cnty., Tenn., 98 F.4th 688, 693 (6th Cir. 2024).

Upon remand to the District Court, the Parties first disputed whether the Sixth Circuit's remand was a limited remand.  (See ECF No. 273-1 (citing ECF Nos. 213 (Plaintiff arguing for limited remand), 215 (Defendant arguing for general remand)).)  On July 1, 2024, the Court agreed with Plaintiff and set a trial on a single issue: "whether the affirmative defense of waiver precludes recovery on Ward's USERRA claims."  (See ECF No. 219 at PageID 3405.)

Next, the Parties disagreed as to who had the burden of proof on that single issue.  (See ECF No. 273-1 at PageID 3934 (citing ECF Nos. 232 (Defendant arguing Plaintiff bears the burden of proof), 235 (Plaintiff arguing opposite)).)  On September 18, 2024, the Court agreed with Plaintiff and clarified that Defendant bore the burden of proof and "must prove by a preponderance of evidence that, under the totality of the circumstances, '[Plaintiff] believed benefits from the

---

[1] In its Motion, Defendant cited ECF No. 208 to show it filed a Notice of Appeal.  (See ECF No. 273-1 at PageID 3933.)  This docket entry, however, is a Notice of Appeal as to the Court's Order Granting Plaintiff's Motion for Attorney Fees.  (See ECF No. 208.)  The Sixth Circuit is holding the appeal as to attorneys' fees in abeyance.  (See ECF No. 36, 23-5912, Sedric Ward v. Shelby County, TN (6th Cir.).)  Therefore, the Court assumes Defendant meant to cite ECF No. 199.

4

[Agreement] outweighed his USERRA claim.'"  (ECF No. 246 at PageID 3558 (citing Ward, 98 F.4th at 693).)

As the second trial approached, the Court submitted its draft Jury Instructions to the Parties.  Defendant filed an objection to, among other instructions, Jury Instruction IV(F), "USERRA Employment Right."  (ECF No. 252 at PageID 3576.)  Defendant requested the Court remove the Jury Instruction.  (Id.)  The Court did not do so.

From February 4 to 5, 2025, the Court held a trial on the single issue.  (See ECF Nos. 270, 271.)  During trial, Defendant again raised its objection to Jury Instruction IV(F).  (See ECF No. 271 ("Trial Day Two Transcript"), 50:7–54:8.)  The Court overruled Defendant's objection.  (See Trial Day Two Transcript, 54:5–8; ECF No. 260 at PageID 3636.)

At the close of proof, Defendant made a motion for JMOL pursuant to Rule 50.  (TR Day 2, 46:1–5.)  The Court denied the motion.  (Id., 46:24–47:1.)  The jury then returned a verdict for Plaintiff.  (ECF No. 263.)

On February 5, 2025, the Court entered a Judgment on Remanded Issue.  (ECF No. 266.)  It stated that "in accordance with the jury verdict for Plaintiff Sedric Ward: Defendant Shelby County did **not** prove by a preponderance of the evidence that, at the time Sedric Ward signed the Agreement and General Release, he believed the benefits from the Agreement and General Release outweighed his USERRA rights."  (Id. at PageID 3644 (emphasis in original).)

## II.   LEGAL STANDARD

### A.   JMOL

A court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1);

5

Mosby-Meachem v. Memphis Light, Gas & Water Div., 883 F.3d 595, 602 (6th Cir. 2018). "Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005), cert. denied, 546 U.S. 1003 (2005). The Court cannot substitute its own interpretation of the evidence for that of the jury, even if the Court would have reached a different conclusion. Static Control Components, Inc. v. Lexmark Int'l, Inc., 697 F.3d 387, 414 (6th Cir. 2012), aff'd, 572 U.S. 118 (2014). This means the Court cannot "weigh the evidence, evaluate the credibility of the witnesses, or [otherwise] substitute [its] judgment for that of the jury." Wehr v. Ryan's Family Steak Houses, Inc., 49 F.3d 1150, 1152 (6th Cir. 1995).

### B. Amend or Alter Judgment

"Under [Federal] Rule [of Civil Procedure] 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)).

### C. New Trial

"The court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally, a court may grant a new trial under Rule 59 [only] if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." Conte v. Gen. Housewares Corp., 215

6

F.3d 628, 637 (6th Cir. 2000) (citing Holmes v. City of Massillon, 78 F.3d 1041, 1045–46 (6th Cir. 1996)). If the moving party challenges the verdict as against the weight of the evidence, the court "is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 821 (6th Cir. 2000) (internal citation and quotation marks omitted). "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." Id. (citing Holmes, 215 F.3d at 1048.) Therefore, "granting a new trial on this ground is a rare occurrence." Innovation Ventures, LLC v. N2G Distributing, Inc., 763 F.3d 524, 534 (6th Cir. 2014) (internal citation omitted).

## III.  ANALYSIS

Defendant moves the Court for three forms of relief, all in the alternative: (1) judgment as a matter of law pursuant to Rule 50(b); (2) alteration of the judgment in Defendant's favor; or (3) a new trial in this matter. (ECF No. 273 at PageID 3929.)

The grounds for each are substantially the same. (See id. at PageID 3929–30.) Defendant argues the Court made three errors, specifically when it (1) treated the Sixth Circuit's remand as limited, rather than general; (2) assigned Defendant the burden of proof; and (3) issued Jury Instruction IV(F). (Id.) Additionally, in arguing for JMOL, Defendant states the jury may have based its verdict on Plaintiff's claim that the agreement was a "take it or leave it" deal, which Defendant argues was not reasonable based on the evidence. (Id. at PageID 39393.) The Court addresses each in turn.

### A.  Limited Versus General Remand

Defendant argues the Court erred when it treated the Sixth Circuit's remand as a limited, rather than general, remand. (ECF No. 273-1 at PageID 3939–40.) Defendant incorporates the

7

same arguments from its Response to Motion for Separate Trial. (Id. at PageID 3939 (citing ECF No. 215).) Defendant also cites U.S. v. Moore, 131 F.3d 595 (6th Cir. 1997), for the proposition that "[i]n the absence of an explicit limitation, the remand order is presumptively a general one." (ECF No. 273-1 at PageID 3940.) Defendant then argues the Court should have treated the Sixth Circuit's remand as a general remand because there is no such explicit limitation. (Id.)

Plaintiff argues the Court properly addressed this issue in its Order Granting Plaintiff's Motion for Separate Trial ("Separate Trial Order"). (ECF No. 276 at PageID 4011 (citing ECF No. 219 at PageID 3405).) Plaintiff argues Defendant makes no new arguments and is "recycling [its] old arguments against prior rulings in the form of new motions." (Id.)

The Court finds Defendant's arguments unavailing. Defendant's citation to Moore does not demonstrate the Court should have treated the Sixth Circuit's remand as a general remand. See 131 F.3d at 598. Rather, Moore only establishes a presumption for a general remand. Id. In its Separate Trial Order, the Court found the language of the Sixth Circuit's decision overcame the presumption of general remand. (See ECF No. 219 at PageID 3404.) The Court set out in summary its conclusions on the issue of the scope of the remand:

> The language of the remand itself is not limiting, as it only requires that future proceedings are "consistent with this opinion." (ECF No. 210 at PageID 3358.) This language, however, must be read in the context of the rest of the Sixth Circuit's decision. See [United States v. Santonelli, 128 F.3d 1233, 1237 (6th Cir. 1997)]. The Sixth Circuit only discussed the defense of waiver in the current case, and it only identified one issue of fact related to this defense for a jury to decide. (ECF No. 210 at PageID 3355–58.) The question is therefore whether the absence of any other discussion provides "context" that limits the remand to this defense.
>
> In this regard, [United States v. O'Dell] refutes [Defendant's] assertion that the Sixth Circuit's silence on other issues is consistent with a general remand. [See 320 F.3d 674, 681]; (ECF No. 215 at PageID 3388.) The Sixth Circuit held that if it intended to issue a "general remand" in that case, it would have addressed alternative arguments that it instead deemed unnecessary to discuss. O'Dell, 320 F.3d at 681. If the Sixth Circuit intended to issue a general remand in this case, it presumably would have discussed any arguments the parties raised as to liability,

8

> damages, and willfulness. Assuming *arguendo* the Sixth Circuit would issue a general remand without discussing every issue, the question becomes why it here chose to work backwards, start with an affirmative defense, and not address the underlying cause of action afterwards. No authority suggests that it would.
>
> The Sixth Circuit's analysis demonstrates that it intended to limit remand to only the affirmative defense of waiver, particularly whether such waiver was based on careful consideration of its merits. To the extent that a "separate trial" under [Rule] 42(b) would limit the scope thereof to this one defense, Ward's request for a separate trial is **GRANTED**.

(Id. at PageID 3405.)

The Court finds no reason to deviate from its earlier analysis. Thus, Defendant has not shown a serious or clear error in the scope of remand to justify a new trial, see Static Control, 697 F.3d at 414, or amendment of the judgment, see Leisure Caviar, 616 F.3d at 615.

The Court also finds Defendant is not entitled to JMOL on this issue. Defendant argues it is entitled to JMOL on this issue for the same reasons it asserts for a new trial. (See ECF No. 273-1 at PageID 3938.) Defendant, however, states no reasons why an error in the scope of remand would warrant JMOL specifically. (Cf. id.) Indeed, JMOL is warranted when "a reasonable jury would not have a legally sufficient evidentiary basis" for its finding. See Fed. R. Civ. P. 50(a)(1). There is no weighing of evidence in determining the scope of remand—it is not the province of the jury. Thus, the Court does not grant Defendant JMOL on the legal question of scope of remand.

### B.     Burden of Proof

Defendant argues the Court erred when it determined that Defendant has the burden of proof on the affirmative defense of waiver. (ECF No. 273-1 at PageID 3940.) It argues requiring Defendant to carry the burden of proof runs counter to the concurrence in Wysocki v. Int'l Bus. Machine Corp., 607 F.3d 1102 (6th Cir. 2010), which Defendant avers shifts the burden to Plaintiff once Defendant presents a facially valid and signed waiver. (Id. at PageID 3940–41.)

9

Plaintiff argues Defendant is recycling its old arguments involving Wysocki and the applicable law of the case is the Sixth Circuit's Ward remand. (See ECF No. 276 at PageID 4013.) Plaintiff also argues Defendant's argument directly contradicts Defendant's own statement at the June 11, 2024 hearing that Defendant bears the burden of proof on the limited issue of waiver of Plaintiff's USERRA rights. (See id. at PageID 4013–14 (citing ECF No. 274 at PageID 3970–71).)

The Court finds Defendant's arguments unavailing. Like its argument on remand, Defendant repeats its earlier arguments. See supra Section III.A; (compare ECF No. 273-1 at PageID 3940–41 with ECF No. 232 at PageID 3475 (citing Wysocki, 607 F.3d at 1110).) The Court previously rejected these arguments, stating:

> Defendant's Wysocki argument is unavailing because [there is a] second component [to Defendant's] affirmative defense [of waiver]. See Ward, 98 F.4th at 692. In Wysocki, the shifting of the burden of proof to plaintiff occurred after the defendant satisfied both requirements of the affirmative defense. See [] 607 F.3d at 1110. Here, however, only the first requirement of the affirmative defense is satisfied. Thus, [because the second step is not satisfied,] the burden of proof remains with the Defendant. See Franklin[ Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence, 910 F.3d 270, 284 (6th Cir. 2018)].

(ECF No. 246 at PageID 3558.)

The Court finds no error of law in its previously analysis. Thus, Defendant has not shown a serious or clear error in the Court's decision on the burden of proof to justify a new trial, see Static Control, 697 F.3d at 414, or amendment of the judgment, see Leisure Caviar, 616 F.3d at 615.

The Court also finds Defendant is not entitled to JMOL on this issue. Defendant argues it is entitled to JMOL for the same reasons the Court should award a new trial. (See ECF No. 273-1 at PageID 3938.) Defendant, however, states no reasons as to why any error in burden of proof would warrant JMOL specifically. (Cf. id.) Indeed, JMOL is warranted when "a reasonable jury

10

would not have a legally sufficient evidentiary basis" for its finding.  See Fed. R. Civ. P. 50(a)(1).  Like scope of remand, there is no weighing of evidence in determining the burden of proof—it is not the province of the jury.

To the extent Defendant may argue Jury Instruction II(A), which placed the burden of proof on Defendant, is incorrect, that argument is unavailing because Defendant has not shown a serious or clear error in the Court's decision on the burden of proof.  (See ECF No. 154 at PageID 2061.)

Indeed, Defendant specifically agreed it bore the burden of proof.  (See ECF No. 274 at PageID 3970–71 (The Court: "[D]efense counsel, you agree you've got the burden on [the limited issue of waiver]; is that right?" Defendant: "Yes, Your Honor.").)  Because Defendant "assume[d] [this] certain position" at the June 11, 2024 Hearing, it cannot "assume a contrary position" by stating it does not bear the burden of proof.  See N.H. v. Me., 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).

### C.     Jury Instruction IV(F)

#### i.     *Instruction and Party Arguments*

Defendant argues a new trial is warranted because the Court erred in issuing Jury Instruction IV(F), entitled "USERRA Employment Right."  (ECF No. 252 at PageID 3576.)  Jury Instruction IV(F) reads:

> In determining whether [Plaintiff] believed the benefits from the settlement agreement outweighed his USERRA claim, you may consider, among other things, how the reinstatement position offered to [Plaintiff] in the agreement compared to his prior employment with [Defendant]. The right to reinstatement under USERRA requires that the employment offered be equivalent in terms of proper seniority, position, status, pay, and lost benefits. Under USERRA, [Plaintiff] was not obligated to accept an inferior position.

(ECF No. 260 at PageID 3636.)

11

Defendant objected to Jury Instruction IV(F) before and during trial, arguing "it prejudiced Defendant by setting out an objective standard by which the jury could value the agreement and determine personally whether the Agreement provided rights more beneficial than those under USERRA." (ECF No. 273-1 at PageID 3942 (citing ECF No. 252-1 at PageID 3583; Trial Day Two Transcript, 50:20–54:8).) Defendant argues the jury should consider Plaintiff's beliefs at the time of signing the agreement, not whatever valuation the jury may have at the time of trial. (Id.)

Defendant also argues the language involving reinstatement rights was "inappropriate and prejudicial" because it was irrelevant. (Id. at PageID 3942–43.) In support, Defendant points to the statutory language which requires reinstatement "following an absence due to service, and not as part of a settlement related to a termination." (Id. at PageID 3942.) Defendant avers that "[t]here was no allegation in this case that Plaintiff was not returned to a position immediately following military service." (Id.)

Plaintiff counters Jury Instruction IV(F) is correct because: (1) it focuses on Plaintiff's beliefs, not what the jury believed; (2) it does not set out an objective standard by which the jury could evaluate the agreement, as it directs the jury to consider "among other things" what Plaintiff believed; (3) the previous instruction set out the correct standard for a waiver of USERRA rights; and (4) the instruction correctly incorporates the language of 38 U.S.C. § 4302, which governs the heightened waiver standards under USERRA. (ECF No. 276 at PageID 4013, 4015–19.)

   *ii. Analysis*

"In reviewing a properly preserved objection to a jury instruction, [the Court] must determine 'whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury.'" United States v. Pensyl, 387 F.3d 456, 458 (6th Cir. 2004) (citations

12

omitted).  A new trial is warranted only where the instruction as a whole is "confusing, misleading, and prejudicial."  See Romanski v. Detroit Ent., L.L.C., 428 F.3d 629, 642 (6th Cir. 2005).

The Court finds Defendant's arguments unavailing.  First, Jury Instruction IV(F) does not set out an "objective standard," (ECF No. 273-1 at PageID 3942), on how the jury may value the Agreement.  Rather, it specifically focuses on what Plaintiff believed and how the jury may consider Plaintiff's brief.  (See ECF No. 260 at PageID 3636 ("In determining *whether [Plaintiff] believed* the benefits from the settlement agreement outweighed his USERRA claim, you may consider, *among other things*, how. . .) (emphasis added).)

Second, Jury Instruction IV(F) does not include "irrelevant language," (ECF No. 273-1 at PageID 3942–43), regarding reinstatement rights.  Defendant argues reinstatement rights are only applicable upon completion of service, not as part of a settlement agreement.  (See id. (citing 38 U.S.C. §§ 4312, 13).)  Defendant, however, ignores the fact that reinstatement was a specific part of the Agreement.  See Ward, 98 F.4th at 691.  The comparison between his reinstatement under the Agreement and his reinstatement pursuant to his USERRA rights would correctly factor in the "totality of the circumstances" analysis for waiver.  See id. at 693.

Thus, the Court finds Jury Instruction IV(F) was not prejudicial such that a new trial is warranted, see Romanski, 428 F.3d at 642, nor is there clear error to justify altering the judgment, Leisure Caviar, 616 F.3d at 615.  Defendant is not entitled to JMOL on this issue for the same reasons.

### D. Plaintiff's Claim of "Take It or Leave It"

Finally, Defendant argues it is entitled to JMOL because "it [was] not reasonable to find that the [Agreement] was 'take it or leave it' based on the evidence."  (ECF No. 273-1 at PageID 3939.)  At trial, Plaintiff claimed the Agreement was on a "take it or leave it" basis.  (See ECF No.

13

273-1 at PageID 3938–39 (citing Trial Day Two Transcript, 22:22–24:16).) Defendant argues the jury could not reasonably rely on this testimony, given Plaintiff "admitted he never made [or requested] a counter-offer." (Id. at PageID 3938.)

Plaintiff argues Defendant is not entitled to JMOL because Plaintiff's other testimony provided a sufficient basis for the single issue at trial. (See ECF No. 276 at PageID 4009.) In support, Plaintiff points to his testimony where he stated his belief that, at the time of signing the Agreement, he did not believe the Agreement was better than his USERRA rights. (See id. (citing (Trial Day Two Transcript, 22:5–12).)

The Court finds Defendant is not entitled to JMOL, as there was a "legally sufficient evidentiary basis" to find for Plaintiff. See Fed. R. Civ. P. 50(a)(1). In his testimony, Plaintiff stated that, at the time he signed the settlement agreement, he did not believe the offer of employment was better than his USERRA rights. (Trial Day Two Transcript, 22:5–12.) Viewing this testimony in the light most favorable to Plaintiff, this testimony is an evidentiary basis for a reasonable jury's conclusion that Plaintiff believed his USERRA rights outweighed his reinstatement under the Agreement. See Wehr, 49 F.3d at 1152. Defendant's argument as to the "take it or leave it" basis of the Agreement may have been a factor that a reasonable jury considered. (See ECF No. 273-1 at PageID 3938.) At the JMOL stage, however, it is not appropriate for the Court to "weigh the evidence, evaluate the credibility of [Plaintiff as a witness], or substitute [its] judgment for that of the jury." See Wehr, 49 F.3d at 1152.

Because Plaintiff's testimony provided a ground for reasonable minds to support the jury's verdict, Defendant is not entitled to JMOL. See id.

## IV.    CONCLUSION

For the above reasons, Defendant's Motion is **DENIED**.

**SO ORDERED**, this the 9th day of April, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE
